IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL BROWN, | ) | |
| | ) | Civil Action No. 07-637 |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Chief Magistrate Judge Lisa Pupo |
| | ) | Lenihan |
| LEE JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | Electronically Filed. |

**CONCISE STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

AND NOW comes Defendant Lee Johnson, by and through his counsel, Douglas B. Barbour, Deputy Attorney General, and Gregory R. Neuhauser, Chief Deputy Attorney General, and respectfully submits the following Concise Statement of Material Facts Not in Dispute pursuant to LR 56:

1.  DC-ADM 804 governs the operation of the Department of Correction's inmate grievance system.  Exhibit A.

2.  Pursuant to DC-ADM 804, a grievance must be filed within 15 days of the event upon which the grievance is based.  Otherwise, it will be rejected as untimely.  Exhibit A at p. 5.

3.  Plaintiff filed grievance # 138822 on December 20, 2005, alleging excessive force based on the incident of December 12, 2005.  Exhibit B; Exhibit C.

4.  Although Plaintiff had filed grievances alleging excessive force prior to the incident of December 12, 2005, Plaintiff has not filed a grievance alleging excessive force since that date.  See Exhibit B.

5.  Grievance 138822 is the only grievance Plaintiff filed alleging excessive force based on the events of December 12, 2005.  Exhibit B; see also Exhibit A, Exhibit C.

6. In Grievance 138822, Plaintiff alleged that "C/O John Doe stun me with the EBID while I was strapped in the chair because I was speaking my mind." Exhibit C.

7. This is the only instance of use of the EBID on December 12, 2005 that has been exhausted pursuant to the requirements of DC-ADM 804. See Exhibit C; see also Exhibit B.

8. Plaintiff asserts that he was shocked once while he was being put in the restraint chair. He does not know who used the EBID on that occasion. Exhibit D at 21:6-22:6

9. He also now asserts that an individual he believes to be Defendant Johnson used the EBID on him later, after several of the Corrections Officers left the cell. Exhibit D at 25:17-26:10.

10. The Defendant asserts that this did not happen, as demonstrated by the video already on file with this Honorable Court.

11. The "John Doe" in Plaintiff's grievance is the individual who used the EBID on him the first time, while he was being placed in the restraint chair. Exhibit D at 22:18-24:15.

12. This individual was Officer Jay Haines. See Exhibit E, Exhibit F. The Court has already determined that the individual who used the EBID device on Plaintiff at that time was Officer Haines. See Doc. # 135 at p. 13.

13. Thus, Plaintiff exhausted his claim that Officer Haines used the EBID device on him on December 12, 2005. See Exhibit C; Exhibit D.

14. However, he did not exhaust any claim that Officer Johnson used the EBID device on him at a later time. See Exhibits A-F.

15. Thus, Mr. Brown did not exhaust the sole remaining claim in this lawsuit. See Exhibits A-F.

                                          Respectfully submitted,

                                          **Linda L. Kelly**,
                                          Attorney General

                               By:    /s/ Douglas B. Barbour
                                        Douglas B. Barbour
Office of Attorney General            Deputy Attorney General
564 Forbes Avenue, Manor Complex   Attorney I.D. No. 94105
Pittsburgh, PA 15219

                                          Gregory R. Neuhauser
                                          Chief Deputy Attorney General
                                          Chief, Litigation Section

Date: December 16, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within **Concise Statement of Material Facts Not in Dispute** was electronically filed with the Court and served upon counsel of record via the electronic filing system.

   /s/ Douglas B. Barbour
DOUGLAS B. BARBOUR
Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date: December 16, 2011