IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABDUL BROWN,

                  Civil Action No. 07-637

        Plaintiff

     v.                    Judge Gary L. Lancaster
                            Magistrate Judge Lisa Pupo Lenihan

LEE JOHNSON,

        Defendant.

## MEMORANDUM

AND NOW comes the Plaintiff Abdul Brown, by and through his attorney, Raymond N. Sanchas, Esquire and hereby files this Memorandum in support of his Opposition to Defendants' Motion for Summary and avers the following:

### A. Plaintiff's Allegations and Material Facts

Plaintiff Abdul Brown is a prisoner currently incarcerated at the State Correctional Institution at Fayette, Pennsylvania.  Plaintiff brought the instant action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 while confined at the State Correctional Institution at Fayette, Pennsylvania.

On December 12, 2005, Plaintiff was forcibly dragged out of his cell by guards dressed in full riot gear. Plaintiff, who suffers from asthma, was sprayed in the face and upper body with Oleoresin Capsicum (OC), a pepper spray. Plaintiff was placed in a restraint chair where he was maliciously shocked in the neck with an Electronic Barring Immobilization Device (EBID) after his arms and legs had already been tightly bound to the chair rendering him incapable of forcible resistance or self defense. This initial use of the EBID was recorded on a DVD which was

1

previously submitted to the court. There is no video recording of the remaining period of approximately eight (8) hour period while Plaintiff remained tightly bound in the restraint chair.

During the unrecorded time when Plaintiff was bound to the restraint chair, Plaintiff was hit, kicked, and again shocked with the EBID even though he was incapable of being a threat to anyone and also incapable of any defense. He was also exposed to freezing weather while not clothed for such.

Plaintiff filed grievance #138822 on December 20, 2005, alleging excessive force based on the incidents of December 12, 2005. This filing was within the 15 day filing period mandated by DC-ADM 804.

On March 21, 2011, this Honorable Court issued a memorandum Order granting the Defendants' Motion for Summary Judgment except as to the claim that Corrections Officer Lee Johnson used the EBID after Plaintiff was fully restrained and incapable of being a threat. The Court ordered the parties to address whether the remaining claim has been exhausted as required by the Prison Litigation Reform Act (PLRA).

On December 16, 2011, the Defendant filed a Concise Statement of Material Facts Not in Dispute and a Brief in Support of Defendant's Motion for Summary Judgment addressing the exhaustion issue. Plaintiff's responsive pleadings on this issue are due on January 20, 2012 and are being timely filed on such date.

## B. Standard of Review

Summary Judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56 (c). Summary Judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of fact. Once that burden has been met, the non-moving party must set forth specific facts showing that there is a genuine issue for trial in order to avoid Summary Judgment. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U. S. 574 (1986) The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the moving party must prevail as a matter of law. *Brown v. Grabowski*, 922 F. 2d 1097, 1111 (3d Cir. 1990), *cert denied*, 501 U.S. 1218 (1981).

## C. Memorandum

The Defendant is not entitled to Summary Judgment because Plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act.

Plaintiff filed Grievance #138822 on December 20, 2005, alleging excessive force based on an incident of December 12, 2005. This filing was within the 15 day filing period mandated by DC-ADM 804.

The Defendant admits in his Brief that Plaintiff's Grievance #138822 was timely filed. In this grievance, Plaintiff alleged that "C/O John Doe stun me with the EBID while I was strapped

3

in the chair because I was speaking my mind." It must be noted that Plaintiff does not say that he was stunned **once** and Plaintiff submits that the apparent assumption by the Defendant that his grievance refers to, and is restricted to, a single use of the EBID is not proper, especially given the requirement for the purposes of Summary Judgment that all inferences are to be viewed in a light most favorable to the non-moving party, the Plaintiff.

Plaintiff also alleged other forms of mistreatment during the incidents of December 12, 2005 in Grievance #138822 such as the repeated use of O/C spray and the fastening of restraint belts so tightly that his skin was cut. Defendant's Exhibit C.

Defendant assumes that the John Doe referred to in Plaintiff's grievance refers solely to the initial use of the EBID which this Court found to be done by Officer Haines. Defendant admits that Plaintiff exhausted his claim regarding that incident. Defendant then claims that Plaintiff failed to exhaust his claim regarding the later use of the EBID by Officer Johnson. Apparently, Defendant is suggesting that Plaintiff was required to file an additional grievance against the actions of Office Johnson. If Plaintiff's claims against the other correctional officers were not already disposed of, would the Defendants now be claiming that separate grievances be filed for each use of the O/C spray and the excessive tightening of the restraints in addition to his complaints regarding the use of the EBID device? DC-ADM 804 restricts the number of grievances that may be filed by an inmate. Plaintiff's grievance should be construed to cover all of the events related to the cell extraction until his release from the restraint chair over eight hours later.

At least for purposes of the pending Motion for Summary Judgment, Plaintiff's grievance #138822 should be seen as sufficient to encompass all of the transgressions against him during

the incidents of December 12, 2005. As it is undisputed that Plaintiff exhausted his
administrative remedies regarding that grievance, the Motion for Summary Judgment should be
denied.

Respectfully submitted,


1-20-12                                          /s/ Raymond N. Sanchas
Date                                             Raymond N. Sanchas, Esquire
                                                 Pa. I.D. No. 33295

                                                 Allegheny County Bar Foundation
                                                 Juvenile Court Project
                                                 Koppers Building, 11th Floor
                                                 436 Seventh Avenue
                                                 Pittsburgh, PA 15219

                                                 (412) 391-4467

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Memorandum** was electronically filed with the Court and served upon counsel of record for the Defendant via the electronic filing system.


Date:   <u>January 20, 2012</u>                    <u>/s/Raymond N. Sanchas</u>
                                                          Raymond N. Sanchas, Esquire
                                                          Attorney for Plaintiff