IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABDUL BROWN,

                                                Civil Action No. 07-637

      Plaintiff

  v.                                        Judge Gary L. Lancaster
                                             Magistrate Judge Lisa Pupo Lenihan

LEE JOHNSON,

      Defendant.

## RESPONSIVE CONCISE STATEMENT

AND NOW comes the Plaintiff Abdul Brown, by and through his attorney, Raymond N. Sanchas, Esquire and hereby files this Amended Responsive Concise Statement in accordance with Local Rule 56.1 and in support of his Opposition to Defendants' Motion for Summary and avers the following:

1. Plaintiff admits that the averments of paragraph 1 are material and undisputed.

2. Plaintiff admits that the averments of paragraph 2 are material and undisputed.

3. Plaintiff admits that the averments of paragraph 3 are material and undisputed.

4. Plaintiff admits that the averments of paragraph 4 are undisputed.

5. Plaintiff admits that the averments of paragraph 5 are material and undisputed.

6. Plaintiff admits that the averments of paragraph 6 are undisputed.

7. Paragraph 7 is a conclusion to which no response is necessary. To the extent that a response is deemed necessary, Plaintiff denies the averments of paragraph 7.

8. Paragraph 8 is denied as stated. Plaintiff asserts that he was shocked with the EBID while already secured in the restraint chair and does not state that he was shocked "once".

9. Plaintiff admits that the averments of paragraph 9 are undisputed.

10. Plaintiff admits that the averments of paragraph 10 insofar as they set forth what the Defendant asserts but denies that the video demonstrates what is asserted as Plaintiff was subjected to EBID abuse after the video recording was stopped.

11. Plaintiff denies that the averments of paragraph 11 are undisputed.

12. Plaintiff denies that the averments of paragraph 12 are undisputed since "this individual" states a conclusion. Plaintiff admits that the Court has determined that the individual who used the EBID on Plaintiff the first time was Officer Haines.

13. Plaintiff admits that the averments of paragraph 13 are undisputed.

14. Paragraph 14 is a conclusion to which no response is necessary. To the extent that a response is deemed necessary, Plaintiff denies the averments of paragraph 14. Plaintiff asserts that his grievance against C/O John Doe encompasses his claim against Officer Johnson.

15. Paragraph 15 is a conclusion to which no response is necessary. To the extent that a response is deemed necessary, Plaintiff denies the averments of paragraph 15.

## OTHER MATERIAL FACTS

16. Plaintiff has alleged that he was shocked and tortured with the EBID after the video recording of the December 12, 2005 cell extraction and subsequent restraint was terminated. (See Exhibit 1).

                                      Respectfully submitted,

1-20-12                                        /s/ Raymond N. Sanchas
Date                                          Raymond N. Sanchas, Esquire
                                               Pa. I.D. No. 33295

                                             Allegheny County Bar Foundation
                                             Juvenile Court Project
                                             Koppers Building, 11th Floor
                                             436 Seventh Avenue
                                             Pittsburgh, PA 15219

                                             (412) 391-4467

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **Responsive Concise Statement** was electronically filed with the Court and served upon counsel of record for the Defendant(s) via the electronic filing system.

Date:  January 20, 2012                    /s/Raymond N. Sanchas
                                           Raymond N. Sanchas, Esquire
                                           Attorney for Plaintiff